Louinel CHARLES, Petitioner,

v.

Michael MUKASEY, U.S. Attorney General,[1] Respondent.

No. 07–1499–ag.

United States Court of Appeals, Second Circuit.

Feb. 20, 2008.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Linda S. Wernery, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

## SUMMARY ORDER

Petitioner Louinel Charles, a citizen of Haiti, seeks review of a March 19, 2007 order of the BIA affirming the August 29, 2005 decision of Immigration Judge ("IJ") Matthew D'Angelo denying petitioner's ap-plications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Louinel Charles,* No. A78 599 298 (B.I.A. Mar. 19, 2007), *aff'g* No. A78 599 298 (Immig. Ct. Hartford, Aug. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we lack jurisdiction to review Charles's challenge to the agency's denial of relief under the CAT because he did not exhaust this challenge before the BIA. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). As we lack jurisdiction to review the agency's denial of CAT relief, the petition for review is dismissed to that extent. *Id.*

In addition to the statutory requirement that petitioners exhaust each category of relief, this Court generally will not consider individual issues that were not exhausted before the agency. *Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 122–123 (2d Cir.2007). While not jurisdictional, judially-imposed issue exhaustion requirement is mandatory. *Id.* at 119–120. In particular, a petitioner must challenge all findings that are dispositive of his claims. *Steevenez v. Gonzales,* 476 F.3d 114, 117–118 (2d Cir.2007).

In his appeal to the BIA, Charles failed to challenge the IJ's finding that, even if credible, he had not shown a nexus to a protected ground. Because a petitioner must prove a nexus to a protected ground to establish eligibility for both asylum, *see* 8 U.S.C. § 1158(b)(1)(B)(i), and withholding of removal, *see* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b)(1), Charles's failure to exhaust any challenge to the agency's nexus finding is fatal to his petition for review.[2] *See Steevenez,* 476 F.3d at 117–

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

2. We note that the Government has asserted exhaustion as an affirmative defense in this case. *See Zhong,* 480 F.3d at 124.

118. Therefore, we need not reach Charles's other arguments regarding the agency's denial of asylum and withholding of removal.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).